JEFFREY M. FISHER (SBN 155284)
jfisher@fbm.com
DEEPAK GUPTA (SBN 226991)
dgupta@fbm.com
ASHLEIGH NICKERSON (SBN 331056)(CAND bar admission pending)
anickerson@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Attorneys for Plaintiff
HALEIGH NICKERSON

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| HALEIGH NICKERSON,<br><br>Plaintiff,<br><br>DIESEL USA, Inc., DIESEL S.p.A., TERRY RICHARDSON, and DOES 1-5,<br><br>Defendants. | Civil Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff HALEIGH NICKERSON by and through her attorneys, FARELLA BRAUN + MARTEL LLP, as and for her complaint, alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff seeks compensatory damages, punitive damages, injunctive relief and attorney's fees against Defendants DIESEL USA, Inc., DIESEL S.p.A. and TERRY RICHARDSON because of Defendants' unauthorized use of Plaintiff's photograph in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §101 et. seq.

## PARTIES

2.  Plaintiff HALEIGH NICKERSON ("Nickerson") is an individual and a resident of the County of Los Angeles and State of California. She is an artist and photographer, who creates tangible and digital works of art. Nickerson uses recognizable and invented personas to explore notions of freedom and possibility in the complexities of identity. Through photography,

installation, video, sculpture and performance, her work evokes narratives through real and imagined worlds, playing with expectations and our collective experience of culture. Nickerson owns the copyrights and all related rights to the photograph and work of art, "Sista Soulja" [Exhibit A, B] as published on her Instagram and at the art show "Girls Who Dance in Dissonance." [Exhibit C].

3.    Defendant DIESEL USA, Inc. ("Subsidiary"), a wholly-owned subsidiary of Diesel S.p.A., an Italian corporation (the "Parent"), is the United States member of the international Diesel brand family of companies (collectively referred to herein as "Diesel"), which has been at the cutting-edge of fashion for over 40 years. Since its creation in 1978, Diesel has experienced extraordinary growth and has evolved from being a leading pioneer in denim into the world of premium casual wear, becoming a true alternative to the established luxury market. From the beginning, Diesel purports to be more than a clothing retailer, claiming to serve as a cultural icon standing for passion, individuality, and self-expression.

4.    Defendant TERRY RICHARDSON ("Richardson") is an American fashion and portrait photographer. Richardson was retained by Diesel to prepare the infringing photo shoot. [Exhibit D]. Richardson has shot advertising campaigns for Marc Jacobs, Aldo, Supreme, Sisley, Tom Ford, and Yves Saint Laurent among others, and has also done work for magazines such as Rolling Stone, GQ, Vogue, Vanity Fair, Harper's Bazaar, i-D, and Vice.

5.    Defendants DOES 1-5 ("Does 1-5") are persons currently unknown to plaintiff who worked with or acted in concert with defendants Diesel and Richardson to create the "For Successful Living" campaign and, specifically, the infringing works. Plaintiff will provide the identities of defendants Does 1-5 in an amended complaint, as warranted, after Plaintiff is able to obtain additional information and determine their identities.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

6.    Federal jurisdiction over Plaintiff's claims is conferred on this Court by 28 U.S.C. §1338, as this action arises under the Copyright Act of 1976 (17 U.S.C. §101 et. seq.).

7.    This Court has personal jurisdiction over Diesel and Richardson because both defendants have substantial, continuous and systematic contacts with this district. Diesel regularly

1  transacts business within the district. Diesel and Richardson have purposefully directed activities
2  toward and have purposefully availed itself of the privilege of conducting activities in this forum,
3  thereby invoking the benefits and protections of its laws. This Court additionally has personal
4  jurisdiction over defendants Does 1-5 because each worked with or acted in concert with
5  defendants Diesel and Richardson to create the "For Successful Living" campaign and,
6  specifically, the infringing photograph. The acts that Plaintiff complains of arise out of and relate
7  to Defendants' activities within this forum, which makes this Court's exercise of jurisdiction over
8  Defendants reasonable.

9  8.  Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b). The Defendants
10 transact business in this District, a substantial part of the wrongful conduct alleged in this
11 Complaint occurred in this district, and Nickerson has suffered substantial harm in this district.

12 9.  This is an intellectual property action subject to district-wide assignment under
13 Civil L.R. 3-2(c) and General Order No. 44.

## SUBSTANCE OF THE ACTION

15 10. Plaintiff is an artist. She creates photographs, paintings and sculptures for
16 installations and performances related to her professional art practice. [M.F.A. in Fine Arts,
17 Parsons 2017]. Plaintiff manages production of all of her photo-shoots, creates her own fashion
18 items, and designs her own sets. She also designs her own backdrops, lighting, props, positioning
19 of the models, camera angle, and timing. She retains copyrights to all of her photographic works,
20 garments and installations.

21 11. Plaintiff and her work have attained respect and popularity among the art
22 community, in magazines, and in film production. [https://medium.com/@curate.LA/haleigh-
23 nickerson-on-creating-icons-b8d847e35e03; http://voyagela.com/interview/art-life-haleigh-
24 nickerson/].

25 12. Starting in early 2016, Plaintiff began developing the concept for the Sista Soulja
26 artwork. On or about July 2016, Plaintiff prepped the work for the copyrighted photographs.
27 Plaintiff, a student at Parsons in the relevant timeframe in 2016 - 2017, utilized Instagram as a
28 mood board for her works of art as a result of encouragement by peers to share her artistic process.

1  Plaintiff actively shared different aspects of her creative process in the creation of her copyrighted

2  work as early as June and July 2016. Plaintiff herself shot the work on August 2, 2016.

3        13.     Plaintiff's photograph was available to the public via Instagram, and was

4  subsequently featured in an art show in Los Angeles on August 12, 2016 called "Girls Who Dance

5  in Dissonance." On information and belief, Diesel or Diesel-affiliated personnel observed her

6  work and possibly took photographs of the above displays.

7        14.     Plaintiff had constant interactions via Instagram with artists and creatives, some

8  even in fashion, who were directly connected with Diesel personnel, who worked on the 2016

9  "For Successful Living" campaign.

10       15.     The following year, Plaintiff discovered an image from Diesel that unequivocally

11 copied the most recognizable elements of the Sista Soulja photograph without Plaintiff's

12 knowledge or permission.

13       16.     The unauthorized image, blatantly a derivative image and reproduction of

14 Plaintiff's Sista Soulja photograph in issue, on information and belief, appeared as an

15 advertisement for Diesel on at least one Billboard in Milan, London, and Tokyo. [Exhibit E].

16 Additionally, the photograph appeared in dozens of e-publications and multiple videos that

17 continue to be published on the Internet to this day, including on Diesel's own website and on

18 Diesel's YouTube channel. [Exhibit F, G, H, I]. On information and belief, Diesel also showed

19 this image on a billboard in Los Angeles.

20       17.     On information and belief, the Defendants, their agents and employees had access

21 to and infringed Plaintiff's work in issue by virtue of its reproduction, display, appearance and

22 distribution in the advertisement, internet publications and videos. When directly asked about

23 possible infringement, the model photographed in the infringing works stated to Plaintiff, "ew

24 that's what I hate about the industry… I'm sorry that happened really.. especially to a female artist

25 or whatever you do that's just awful love," even adding, **"I knew something was wrong… makes**

26 **me so sad that that happened."**

27       18.     Defendants have infringed Plaintiff's copyright by creating and publishing an

28 advertisement on a billboard, in magazines, and in videos advertising Diesel's brand, knowingly

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

1  and intentionally copied and utilized the most recognizable and constituent elements of the Sista
2  Soulja photograph by Plaintiff that are original.

 

19. Defendants, through their agents and employees, have copied Plaintiff's expression of an idea by misappropriating the most recognizable artistic elements of the Sista Soulja photograph and installation that are original and have utilized it as a commercial vehicle to promote their products. The images published, displayed, performed and distributed by Diesel reproduce the Sista Soulja composition of a combination of protected features including, for example, a woman of color who is dressed in predominantly black, red and green clothing that is accented by gold and stars that feature a contrasting border. The model is standing in a power stance pose with legs spaced apart in front of a red background covered with white stars. These and other copyrightable elements and combinations thereof establish copyright infringement.

20. Defendants' copying is so brazen that they even copied the name of the work as selected by Plaintiff. Plaintiff named her work "Sista Soulja." Diesel chose to name the image in the Facebook video "Sister siren." [Exhibit F]. Notwithstanding their blatant acts of infringement of the work, which was created by a woman of color, Defendants falsely state that they wish to uphold the rights of people of color: "Diesel continually strives to highlight creative, unique, and

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

diverse voices and perspectives in its marketing and expects its partners to do the same, including by acknowledging and properly crediting new and emerging artists that may have contributed to their work. It also recognizes that it can always do more, especially when it comes to supporting and elevating BIPOC artists and creative talent. Diesel is taking steps internally to make sure that it is and will continue to be a strong ally for new and emerging artists and that Diesel and all its partners adhere to the highest standards of creative integrity." Even after Nickerson's counsel presented these examples of blatant infringement to counsel for Diesel in pre-litigation discussions, Diesel has served the infringing items on its website and elsewhere. Defendants cannot have it both ways, on the one hand reaping the PR benefits of pro-people of color messaging, while on the other hand remorselessly trampling their IP rights.

21. Defendants have willfully infringed upon Plaintiff's copyright of the Sista Soulja photograph with the intent to commercially exploit artistic works to which they have no legal or proprietary rights.

22. Defendants Does 1-5 are likewise liable under the Copyright Act for the acts of infringement identified above for acting in concert with defendants Diesel and Richardson in the creation of the infringing photograph and also for profiting, on information and belief, from the marketing, publishing, and distribution of the infringing work.

23. Defendants have been marketing, publishing, and distributing the infringing work without permission nor license from Plaintiff, in violation of Federal Copyright Law, and on information and belief, in other widely distributed print, billboard, e-publication sites, and video streaming services.

24. Plaintiff has suffered irreparable harm and, if such use on the part of Defendants continues, Plaintiff will continue to suffer irreparable harm of a continuing nature for which there is no plain, speedy or adequate remedy at law.

25. By reason of the willful infringement of copyright by Defendants, Plaintiff has sustained injury, loss and damage to her ownership rights and Defendants have unlawfully, unfairly, and wrongfully derived and will continue to derive income from these infringing acts. Defendants are being unjustly enriched by its infringement. Additionally, Plaintiff suffers

reputational harm through Defendants' unlawful use and unconsented association to Terry Richardson's work. Specifically, Richardson's work explores putting high-profile celebrities in mundane situations and photographing them using traditionally pedestrian methods, and also explores ideas of sexuality. Richardson is also known for his nonsexual portraiture. Amongst sexual assault and harassment allegations in 2017, brands and magazines that had worked with Richardson in the past began distancing themselves from him, and said they would no longer employ him. In January 2018, it was reported that Richardson is under investigation by the New York City Police Department's Special Victims Squad in relation to multiple sexual assault allegations; this investigation is ongoing. [https://www.marieclaire.com.au/terry-richardson-every-sexual-harassment-and-assault-allegation]

## COUNT I

## (COPYRIGHT INFRINGEMENT)

26. Plaintiff repeats and realleges paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Plaintiff is the original author and creator of the photograph currently being used and exploited by Defendants.

28. Plaintiff possesses and is the rightful holder of the copyright, its registration and the interest in, too and under the Sista Soulja photograph being used and exploited by Defendants.

29. Defendants have infringed and are infringing on Plaintiff's copyright in, to and under the Sista Soulja photograph by creating an unauthorized reproduction from it and using said infringing work for marketing, advertising, and promotion, by publicly distributing, displaying and transmitting the infringing work without Plaintiff's consent or authorization.

30. Defendants have infringed and are infringing on Plaintiff's copyright in, to and under the Sista Soulja work by creating derivative, unauthorized works from it and using said derivative work for marketing, advertising, and promotion, by publicly distributing Plaintiff's copyrighted photograph without her consent or authorization.

31. As a direct and proximate result of Defendant's copyright infringement, Plaintiff has sustained and will continue to sustain financial loss, harm to her artistic reputation, loss of

good will, loss of profits, loss of business opportunities and loss of control over the marketing and use of her copyrighted photograph. Defendants have been unjustly enriched by their infringement.

32. Defendants' infringing acts have been performed with knowledge of Plaintiff's copyrights and such acts were performed intentionally and willfully. Those acts accordingly command the highest level of damages under 17 U.S.C. § 504.

33. The infringing works are ubiquitous and have been found in in a multitude of places – from magazines to billboards to social media sites. This design appeared in Diesel's YouTube video [Exhibit G] with the "make yourself heard" slogan. It also appeared in Diesel's Facebook video [Exhibit F] with the "Sister Siren" name. Additionally, it has been featured in countless online publications. [Exhibit E]. Defendants' infringement of the Sista Soulja work comprises both direct and indirect infringement, including by contribution to and inducement of third-party infringement.

34. Plaintiff has been damaged by Defendants' acts in an amount yet unascertained but to be proved at the time of trial.

35. Plaintiff is further entitled to injunctive relief under 17 U.S.C. § 502 in order to halt any further infringement of her work.

36. Plaintiff is also entitled to costs and attorney's fees under 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A. Injunctive relief preliminarily and permanently enjoining Defendants, their subsidiaries, directors, officers, employees, agents, and all other persons or entities acting, by contract or agreement. in concert with it, or on behalf of it, directly or indirectly, from offering, providing, advertising, printing, distributing, selling or in any way making available to the public any photograph created by Plaintiff or any derivative work thereof; and

B. Injunctive relief compelling Defendants to destroy any and all digital or computer images Defendants have of Plaintiff's photograph in their possession, custody or control; and

C. Awarding to Plaintiff as against the Defendants, compensatory damages in a sum of an amount to be proven at trial; and

1    D.   Awarding to Plaintiff as against the Defendants, actual damages and any profits attributable to the infringement of Plaintiff's copyright by Defendants; and

    E.   Awarding to Plaintiff as against Defendants statutory damages including damages for willful infringement based upon Defendants' acts of infringement pursuant to 17 U.S.C. § 504 et seq.; and

    F.   Awarding to Plaintiff as against Defendants, costs and reasonable attorney's fees incurred by virtue of this action; and

    G.   Granting Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Farella hereby demands a trial by jury on all issues raised by the Complaint.

Dated:  November 3, 2020.                FARELLA BRAUN + MARTEL LLP

By: /s/ Deepak Gupta
Jeffrey M. Fisher
Deepak Gupta
Ashleigh Nickerson

FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400
jfisher@fbm.com
dgupta@fbm.com
anickerson@fbm.com

Attorneys for Plaintiff
HALEIGH NICKERSON